UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAKANA BEATTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-341-KAC-JEM |
| | ) | |
| ACNTV; JEWELRY TELEVISION; | ) | |
| AMERICA'S COLLECTIBLES NETWORK, | ) | |
| INC. d/b/a JEWELRY TELEVISION; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BASED ON THE DOCTRINE OF FORUM NON CONVENIENS**

Before the Court is the "Motion to Dismiss Based on the Doctrine of Forum Non Conveniens" filed by Defendants ACNTV, Jewelry Television, and America's Collectibles Network, Inc. d/b/a Jewelry Television (collectively, "JTV Defendants") [Doc. 9]. The JTV Defendants assert that the Court should dismiss this action "pursuant to the doctrine of forum non conveniens" because Plaintiff executed an Employment Agreement that contains a valid forum-selection clause requiring "disputes to be brought in Tennessee *state* court" [*Id.* at 1 (emphasis added)]. Because (1) the forum-selection clause in Plaintiff's Employment Agreement is applicable to the claims at issue, mandatory, valid, and enforceable and (2) no extraordinary circumstances counsel against dismissal, the Court **GRANTS** the JTV Defendants' "Motion to Dismiss" [Doc. 9] and **DISMISSES** Plaintiff's claims against the JTV Defendants.

**I.    Background**

On September 30, 2021, Plaintiff initially filed suit against the JTV Defendants, alleging discrimination, harassment, and retaliation on the bases of "race and color," in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, *et seq* [*See* Doc. 1]. After

the JTV Defendants filed their "Motion to Dismiss" [Doc. 9], Plaintiff filed an Amended Complaint [Doc. 17] to formally assert Title VII claims following the receipt of a Right to Sue Letter from the U.S. Equal Employment Opportunity Commission [*See* Doc. 14].[1] Plaintiff's claims arise out of her employment with America's Collectibles Network, Inc. d/b/a Jewelry Television [*Id.*]. In or around June 2019, Plaintiff executed an "EMPLOYMENT AGREEMENT" with America's Collectibles Network, Inc. d/b/a Jewelry Television [Doc. 18-1]. "ACNTV" and "Jewelry Television" are trademark names for America's Collectibles Network, Inc. [*See* Doc. 9 at 5 n.2]. The Employment Agreement contains a forum-selection clause:

> Company and Employee agree that this Agreement shall be governed by the laws of the State of Tennessee and further agree that ***any action to enforce or in any way related to this Agreement shall be brought in the Circuit or Chancery Court of Knox County, Tennessee, and the Employee specifically consents to the exclusive jurisdiction and venue of such courts***.

[Doc. 18-1 at 6 (emphasis added)]. The Employment Agreement also contains a severability provision: "If a Court should invalidate any section of this Agreement, the parties agree that the remainder of the Agreement shall be valid, binding and enforceable in all respects" [*Id.* at 6].

The JTV Defendants filed a "Motion to Dismiss Based on the Doctrine of Forum Non Conveniens" [Doc. 9] based on the forum-selection clause in the Employment Agreement. As relevant here, Plaintiff responded, arguing that (1) her federal civil rights claims have broad venue provisions that defeat any forum selection clause; (2) the JTV Defendants failed to meet their

---

[1] An amendment to a complaint generally moots any pending motion to dismiss. *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is filing an amended complaint moots pending motions to dismiss."). However, where, as here, the Amended Complaint merely formally sets forth previously asserted claims based on the same underlying facts and is otherwise "substantially identical to the original complaint," the Court may apply the arguments in a pending motion to dismiss to the amended complaint. *See id.* (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014); *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020)).

2

burden of establishing an alternative adequate forum; (3) Plaintiff's claims have exclusive federal jurisdiction; (4) the statute of limitations will bar her from re-filing her claims in state court, thus rendering the alternative forum inadequate; (5) the forum selection clause, and the Employment Agreement more generally, was obtained through duress and unconscionable means; and (6) the designated state forum would ineffectively and unfairly handle the suit [*See* Doc. 16]. In support of her argument, Plaintiff filed a sworn declaration [Doc. 16-1], attesting that she was required to sign the Employment Agreement, including the forum-selection clause, to continue her employment and that she was "yelled at" during the Employment Agreement negotiation process when she inquired about her lower rate of pay compared with her colleagues [*Id.* ¶ 5]. Plaintiff "felt intimidated and afraid that if [she] pushed any more . . . that [Defendant] would not offer [her] the contract" and she "really needed the job" because it was her "means of earning income to pay [her] bills" [*Id.*].

The Court held a hearing on the JTV Defendant's Motion to Dismiss [*See* Doc. 46]. At the hearing, Plaintiff conceded that (1) only her Title VII claims would potentially be barred by the statute of limitations if she refiled in state court and (2) this federal court does not have *exclusive* jurisdiction over Plaintiff's Title VII and Section 1981 claims[2] [*Id.*]. Further, the JTV Defendants stated that they would not stipulate to a waiver of any applicable statute of limitations if Plaintiff refiled in state court, in part because Plaintiff was aware of the potential statute of limitations issue before the time to file her claims in state court expired [*Id.*].

**II.     Analysis**

As a preliminary matter, the Court must determine the scope of its review. Plaintiff did not file the Employment Agreement with her Complaint or Amended Complaint, [*see* Docs. 1, 17].

---

[2] *See generally, Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981).

3

But it is now in the record. And Plaintiff filed a sworn declaration in opposition to the JTV Defendants' Motion [*See* Doc. 16-1]. Both documents affect the Court's inquiry. Ordinarily, under Rule 12(d), when a Party presents material outside the pleadings with a Rule 12(b)(6) motion, the Court may either consider the material and convert the motion to one for summary judgment or exclude the material and apply the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(d); *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). However, when considering a motion to dismiss under the doctrine of *forum non conveniens* or the statutory cognate for transfer between federal courts, 28 U.S.C. § 1404, the Court may consider properly presented facts outside of the pleadings. *See Price v. PBG Hourly Pension Plan*, 921 F.Supp.2d 765, 772 (E.D. Mich. 2013) (collecting cases); *Erausquin v. Notz, Stucki Management (Bermuda) Ltd.*, 806 F.Supp.2d 712, 724 (S.D.N.Y. 2011); *Lambert v. Melia Hotels Int'l S.A.*, 526 F.Supp.3d 1207, 1213 (S.D. Fla. 2021). And the Court "must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Price*, 921 F. Supp. 2d at 772 (quoting *United States v. Gonzales & Gonzales Bonds & ns. Agency, Inc.*, 677 F.Supp.2d 987, 991 (W.D. Tenn. 2010)). Because neither Party disputes that Plaintiff executed the Employment Agreement, [*see* Docs. 9, 16], the Court may consider the Employment Agreement. *See id.* And the Court construes the facts in Plaintiff's sworn declaration in her favor.

A forum-selection clause can generally "be enforced through a motion to transfer under Section 1404(a)." *Atlantic Marine Const. Co., v. U.S. Dist. Court for the Western Dist. of TX et al.*, 571 U.S. 49, 59 (2013). However, Section 1404(a) does not permit a federal court to transfer a case to a state court. *Id.* at 60. Instead, "the appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Id.* "[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same

4

balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

Evaluating a forum selection clause is a two-step process. First, the Court determines whether a forum-selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Company, LLC*, 16 F.4th 209, 215-16 (6th Cir. 2021). If so, Plaintiff's "choice of forum 'merits no weight' and the courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Id.* at 215 (quoting *Atlantic Marine*, 571 U.S. at 63-64 (alteration in original)). At this second step, Plaintiff "bears the burden of showing that the public interest factors weigh heavily against dismissal." *Id.* at 216. The public-interest factors generally include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law, and the unfairness or burdening citizens in an unrelated forum with jury duty." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (quotations and citations omitted). Because the public-interest factors "will rarely defeat" a valid forum-selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64.

Here, at step one of the analysis, the forum-selection clause in the Employment Agreement is applicable to the claims at issue, mandatory, valid, and enforceable. Plaintiff does not dispute that she executed the Employment Agreement [*See* Doc. 16]. Rather, Plaintiff alleges that the forum-selection clause is invalid and unenforceable because it was "obtained through duress and

5

unconscionable means" [*Id.* at 8]. However, Plaintiff has not shown that the forum-selection clause in the Employment Agreement was "obtained through duress" or unconscionable.

"Tennessee courts have defined duress . . . as 'a condition of mind produced by the improper external pressure or influence that practically destroys the free agency of a party, and causes [her] to do an act or make a contract not of [her] own volition, but under such wrongful external pressure.'" *Brashear v. CCG Sys., Inc*, No. 1:18-CV-00059, 2018 WL 5044348, at *2 (M.D. Tenn. Oct. 17, 2018) (quoting *In re Estate of Creswell*, 238 S.W.3d 263, 267 (Tenn. Ct. App. 2007)). "Duress" is further defined "as consisting of 'unlawful restraint, intimidation, or compulsion that is so severe that it overcomes the mind or will of ordinary persons.'" *Id*. Even accepting the facts in Plaintiff's declaration as true [Doc. 16-1], the record does not show legal duress. Plaintiff does not assert that there was an actual—not perceived—threat to terminate her employment if she attempted to further negotiate her contract. And even if there was, an actual threat to terminate employment if an employee did not sign an agreement, standing alone, is not necessarily sufficient to establish duress. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 504-05 (6th Cir. 2004) (citing *Williams v. Parkell Prods.*, 91 F. App'x 707, 708 (2d Cir. 2003) ("affirming order compelling arbitration of Title VII claims and holding that threat to terminate employment if employee did not sign arbitration agreement did not constitute duress")); *Brashear*, 2018 WL 5044348, at *1-2 (M.D. Tenn. Oct. 17, 2018) (concluding that employee failed to show duress where he signed a non-disclosure and non-compete agreement to avoid termination). Accordingly, the Employment Agreement is not void on the basis of duress.

Further, Plaintiff's argument regarding the unconscionable nature of the terms of the Employment Agreement revolves around pay and the non-compete clauses of the contract, not the forum-selection clause. This argument does not bear on the legality of the forum-selection clause

6

itself. The undisputed facts are that Plaintiff signed the Employment Agreement; the Employment Agreement covers Plaintiff's employment-related claims against America's Collectibles Network, Inc.; and the Parties agreed to "exclusive jurisdiction" "in the Circuit or Chancery Court of Knox County, Tennessee" for "any action to enforce or in any way related to" the Employment Agreement [Doc. 18-1 at 6]. Moreover, the severability provision in the Employment Agreement ensures that if there are unenforceable provisions in the Employment Agreement, the remainder of the Employment Agreement is valid. [*Id.* at 6]. Thus, even if the pay provision or non-compete clauses were unconscionable, the forum-selection clause remains valid. Accordingly, the forum-selection clause in the Employment Agreement is applicable to the claims at issue, mandatory, valid, and enforceable. *See Lakeside Surfaces, Inc.*, 16 F.4th at 216.

At step two of the analysis, because the forum-selection clause is applicable, mandatory, valid, and enforceable, the Court does not consider private-interest factors, and Plaintiff bears the burden of establishing that public-interest factors "weigh heavily against dismissal." *Id*. Plaintiff fails to meet that burden. Plaintiff argues that if her claims are dismissed, the statute of limitations will bar her from refiling her claims, violating "the strong public policy favoring enforcement of civil rights laws" [*See* Doc. 16 at 3, 6-7]. However, as Plaintiff admitted in the Court's August 17, 2022 hearing, only her Title VII claims—not her Section 1981 claims—would potentially be time-barred [*See* Doc. 46]. And Plaintiff was aware of the potential statute of limitations issue before the time to file her Title VII claims in state court had expired [*Id.*]. Plaintiff could have filed in state court to avoid any potential statute of limitations issues, but she did not.

When considering the private-interest factors for *forum non conveniens*, the Sixth Circuit has noted that "some courts have held that 'an adequate forum does not exist if a statute of limitations bars the bringing of the case in that forum.'" *Xiaoguang Zheng v. Sougun Holdings*

7

*Ltd.*, No. 16-3940, 2017 WL 3708628, at *3 (6th Cir. May 18, 2017) (citing *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001)). However, where a valid forum-selection clause exists, courts do not afford weight to a plaintiff's choice of forum or to the parties' private interests. *Atlantic Marine*, 571 U.S. at 63-64. Accordingly, the Court need not consider Plaintiff's private-interest statute of limitations argument. But even if the Court did consider Plaintiff's argument, the potential effect of the statute of limitations on one of Plaintiff's claims does not prevent dismissal in this case.

In *Atlantic Marine*,[3] the Supreme Court addressed this precise possibility. The Court noted that "a successful motion under *forum non conveniens* requires dismissal of the case," *id.* at 66 n.8 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)), and that dismissal may "even 'make it possible for [plaintiffs] to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate," *id.* (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). The Court then concluded:

> [C]aution is not warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff.

*Id.*; *see also Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 705 (11th Cir. 2018). Here, too, "dismissal would work no injustice." *See Atlantic Marine*, 571 U.S. at 66 n.8.

Finally, Plaintiff has not demonstrated that any public-interest factors "weigh heavily against dismissal." *See Lakeside Surfaces*, 16 F.4th at 216. Plaintiff's Title VII and Section 1981 claims against the JTV Defendants use the same analytical framework as the Tennessee Human Rights Act. *See Newman v. Federal Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001); *Jordan v. Mathews Nissan, Inc.*, 539 F.Supp.3d 848, 862-63 (M.D. Tenn. 2021). Tennessee state courts are,

---

[3] 571 U.S. 49 (2013).

8

Case 3:21-cv-00341-KAC-JEM   Document 56   Filed 03/07/23   Page 8 of 9   PageID #: 586

therefore, familiar with the applicable law and equipped to handle this dispute. Further, there is a "local interest in having localized controversies decided at home" in Tennessee. *See Piper Aircraft Co.*, 454 U.S. at 241 n. 6. There is no evidence in the record that any administrative difficulties or jury issues exist in Tennessee's state courts that do not exist in this Tennessee federal court. *See id.* And while there is a public interest in litigating meritorious Title VII claims, there is also a public interest in giving controlling weight to the Parties' agreement to a forum-selection clause. *See Atlantic Marine*, 571 U.S. at 63-64. This is not an unusual case where "extraordinary circumstances unrelated to the convenience of the parties" compel the Court to undermine a valid forum-selection clause. *See Atlantic Marine*, 571 U.S. at 62.

### III. Conclusion

Accordingly, the Court **GRANTS** the "Motion to Dismiss Based on the Doctrine of Forum Non Conveniens" filed by the JTV Defendants [Doc. 9] and **DISMISSES** Plaintiff's claims against the JTV Defendants. No other claims remain in this action. An appropriate judgment shall issue.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge